[Doc. Nos. 17, 21]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LOVELACE THOMASON, | |
| Plaintiff, | Civil No. 07-569 (JHR) |
| v. | |
| JOHN E. POTTER, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on plaintiff's "Motion to Permit Late Filing of an Amended Complaint." [Doc. Nos. 17, 21]. After the Court received defendant's response [Doc. No. 19] it held oral argument. Because new issues arose at the argument that were not addressed in the parties' Briefs, the Court requested Supplemental Briefs. [Doc. No. 23, 25]. For the reasons to be discussed, plaintiff's motion is GRANTED. The Court will grant plaintiff leave to file his Amended Complaint by October 20, 2008. Plaintiff shall file and serve an Amended Complaint that incorporates the allegations in his original Complaint [Doc. No. 1] and the proposed amendment submitted to the court. [Doc. No. 25].

Background

Plaintiff was employed by defendant, the United States Postal Service ("USPS"), and on June 10, 2006, filed an Administrative Equal Employment Opportunity ("EEO") Complaint. Plaintiff alleged various claims of employment discrimination

based upon race, color, sex and retaliation. See Defendant's Brief ("Db"), Doc. No. 19 at 1. On November 20, 2006, the USPS issued a Final Agency Decision ("FAD") dismissing plaintiff's June 10, 2006 EEO Complaint for failure to state a claim upon which relief could be granted. Id. Plaintiff filed his complaint in this action on February 5, 2007, and alleged he was discriminated against because of his race, color, sex, and retaliated against because of his prior EEO activity. Complaint at ¶3. Plaintiff also alleged defendant's discriminatory tactics "continued throughout his employment and continue to the present." Id. In addition, plaintiff alleged he was singled out as a target for dismissal. Id. at ¶3a.

On April 21, 2007, plaintiff filed a new EEO Complaint alleging employment discrimination and hostile work environment claims for the time period of June 2006 through April 21, 2007. Db at 1-2. Plaintiff was "removed" from employment with the USPS on May 11, 2007. Db at 2. On May 31, 2007, plaintiff's removal was treated as an amendment to his April 21, 2007 EEO Complaint. On November 29, 2007, the USPS issued a FAD dismissing plaintiff's April 21, 2007 charge for failure to state a claim upon which relief could be granted. Id. This FAD was served on plaintiff and his counsel on December 3, 2007. Id. at 3. On February 1, 2008, this Court issued a Scheduling Order setting a deadline of February 28, 2008 for the parties to seek amendments to the pleadings. See Doc. No. 14 at ¶1. However, plaintiff did not file his motion to amend until May

14, 2008. [Doc. No. 17]. The proposed amendment alleges that plaintiff filed a complaint with the EEOC about the necessity of a route inspection which the EEOC ordered defendant to undertake. See Amended Complaint at ¶2, Doc. No. 18. The proposed amendment also alleges that "[a]s a result of the EEOC involvement and the ordering of a route inspection, management retaliated against the Plaintiff." Id. at ¶3. Plaintiff alleges the disciplinary complaints "ended up with the Plaintiff's employment being terminated. Management made it known following the EEOC findings that Plaintiff was a target for dismissal. Plaintiff was in fact dismissed." Id.

Defendant opposes plaintiff's motion on two grounds. Defendant first argues plaintiff's motion was filed late and should be denied. Defendant next argues that plaintiff's amendment is futile because plaintiff did not file his motion to amend within 90 days of December 3, 2007, the date he received the November 29, 2007 FAD. See 42 U.S.C. §2000e-16c. Plaintiff responds by arguing that pursuant to Fed. R. Civ. P. 15(c) his proposed new claims relate back to his timely filed Complaint and therefore they are not time-barred. Defendant contends that since plaintiff's firing was a "discrete act" the relation back provision of Rule 15(c) does not apply.

Discussion

Unless there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

to the opposing party or futility of the proposed amendment, leave to amend should be freely given. Foman v. Davis, 371 U.S. 178, 182 (1962); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). The Court rejects defendant's argument that plaintiff's amendment should be denied because it was filed late. There is no question that plaintiff's motion was filed after the February 28, 2008 deadline set forth in the February 1, 2008 Scheduling Order. However, the mere fact that plaintiff's motion could have been filed earlier is not dispositive. See Adams v. Gould Inc., 739 F.2d 858, 869 (3d Cir. 1984). Leave to amend should only be denied because of undue delay if the delay causes prejudice to the non-moving party. Cincerella v. Egg Harbor Police Department, C.A. No. 06-1183 (RBK), 2007 WL 2682965, at *2 (D.N.J. Sept. 6, 2007)(citations omitted). The Court finds that defendant will not be prejudiced by plaintiff's late amendment. The Court's Scheduling Orders will assure that defendant has a fair and adequate opportunity to defend its interests in the case. In addition, defendant cannot claim it was surprised by the proposed amendment since defendant admits the issue was discussed earlier this year and defendant participated in the EEO proceeding relating to plaintiff's termination.

The Court also denies defendant's argument that plaintiff's amendment is futile. In determining whether an amendment is futile "the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."

4

In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997)(citation omitted). The standard of review for a 12(b)(6) motion "requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).

Defendant argues that plaintiff's termination claim is futile because it is barred by the limitations set forth in 42 U.S.C. §2000e-16c. This statue provides that an employee must file a civil action within 90 days of receipt of a FAD. Defendant is correct that plaintiff's motion to amend was not filed within ninety (90) days of December 3, 2007, the date plaintiff received the November 29, 2007 FAD. However, the Court finds that plaintiff's amendment relates back to the filing of his initial Complaint and therefore is timely.

Pursuant to Fed. R. Civ. P. 15(c)(1)(B), an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Plaintiff seeks to amend his complaint to add the claim that she was terminated as a result of his "EEOC involvement and the ordering of a route inspection, ...." See Propose Amended Complaint at ¶3. This occurrence arose directly out of the alleged harassment referred to in plaintiff's original Complaint. In addition, plaintiff's

5

Complaint alleged she was targeted for dismissal. The proposed amendment addresses plaintiff's dismissal which was referred to in the Complaint. The dismissal plainly relates to plaintiff's original allegation that she was discriminated and retaliated against. The Court finds that the proposed amendment plainly arises out of the conduct, transaction or occurrence referred to in the Complaint and therefore relates back to the original filing date.

The decision in Spicer v. Villanova University, C.A. No. 06-1411, 2006 WL 3486465 (E.D.Pa. Dec. 1, 2006), is instructive. In that case plaintiff's Complaint alleged the defendant committed various acts of race and age discrimination. The proposed Amended Complaint, filed more than ninety (90) days after plaintiff received a right to sue letter from the EEOC, alleged disability discrimination. Like this case, the defendant in Spicer opposed the amendment on timeliness grounds. Nevertheless, the court in Spicer held that plaintiff's amendment related back to his original Complaint. The court noted that although the details between the different claims varied, "the factual core of the two complaints is the same." Id. at *2. In addition, the court noted, "the cause of action in the two complaints is likewise the same; a suit to redress specific wrongful employment decisions and the plaintiff's wrongful termination." Id. The court also noted that the focus of its inquiry "is whether the claims in the amended complaint have their factual basis in the original complaint, not whether

6

the specific allegations in the original complaint survive the amendment." Id.

Another relevant case is Jones v. Greenspan, 445 F. Supp. 2d 53 (D.D.C. 2006). In Jones, the plaintiff originally alleged that the defendant retaliated against him after he filed charges of age and gender discrimination with the EEOC. During the course of the case the plaintiff filed a motion to amend to add claims regarding the actual age and gender discrimination, and not just the alleged retaliation. The defendant argued the amendment was time-barred. Nevertheless, the court permitted the amendment and ruled that it related back to the filing of the original Complaint. The court noted that the close relationship between the allegations of discriminatory non-promotion and the alleged retaliation made them part of a "common core of operative facts." Id. at 56-57. In addition, the court noted that the proposed Amended Complaint merely expanded upon the allegations of discrimination by describing them in more detail. Id. The court permitted the amendment because "the allegations of discrimination and the discrimination claims arise from facts set out in the initial complaint." Id. at 57. The same situation exists here. Plaintiff's termination arises out of the facts set forth in his initial Complaint and satisfies the criteria of Rule 15(c)(1)(B). Therefore, the Court finds that plaintiff's amendment is timely because it relates back to the filing of the original Complaint.

Defendant argues the Court should not rely on the relation back provision of Rule 15(c) but instead should deny plaintiff's amendment based upon the "continuing violation" concept discussed in O'Connor v. City of Newark 440 F.3d 125 (3d Cir. 2006). In O'Connor, the plaintiff was a Lieutenant in the Newark Police Department and alleged he was retaliated against because he assisted in the investigation and conviction of a former Newark police director.  The trial court found that O'Connor failed to demonstrate a causal connection between his participation in the investigation and the alleged retaliatory acts, and granted Newark's motion for summary judgment.  With minor exceptions, all of the events described in plaintiff's Complaint occurred more than two years before the Complaint was filed. However, plaintiff argued there was a "continuing violation" and therefore the statute of limitations should be equitably tolled.  In its decision the court addressed the issue of whether a Title VII harassment claim can be based upon actions that are barred by the two year statute of limitations. The court held that if the alleged activity at issue was a discrete act the plaintiff could not rely upon barred activities. However, if the action at issue was part of a "continuing violation" the barred action could be relied upon. Citing National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the court found that plaintiff's termination was a discrete act and that the Morgan holding applies in the Title VII context.  The court ruled that a discrete act such as the

plaintiff's termination gave rise to a cause of action at the time it occurred.  As a result, the court found that the pre-statute of limitations actions did not survive time-barring by inclusion in a continuing violations complaint.

Defendant also relies on Evans v. Chao, No. Civ. A. 04-00849 (HHK), 2006 WL 297714 (D.D.C. Feb. 7, 2006).  In Evans the crux of plaintiff's original Complaint was that she was not promoted in September 2002.  During the pretrial proceedings Evans requested to amend his Complaint to add claims that she was denied promotions in September 2003 and 2004.  The Court denied the amendments holding that Evans failed to exhaust his administrative remedies.  The court rejected the argument that the failures to promote were part of a continuing violation that should be subsumed within plaintiff's retaliation and hostile work environment claims.  Instead, the court ruled that the failures to promote claims were discrete acts that triggered the plaintiff's duty to file an administrative claim before she could include the claim in a civil action.

In this context the court declines to rule that the decisions in O'Connor and Evans render plaintiff's amendment futile.  The Court finds that neither of the cases address the precise defense the defendant raises.  The O'Connor decision decided whether plaintiff's termination claim could be supported by actions barred by the two-year statute of limitations.  That is not the issue before this Court.  Further, in Evans the court addressed whether a claim that was not the subject of an

9

administrative complaint could be asserted, e.g., non-exhaustion. This holding also does not address the issue raised by plaintiff's motion. In this case, plaintiff's new claim was properly the subject of an administrative complaint but was not included in this civil action until more than 90 days after the FAD was issued. The O'Connor and Evans decisions did not address what happens in this instance. In support of its ruling the Court relies upon Spicer and Jones which held that the relation back provisions of Rule 15 (c) apply. The O'Connor and Evans decisions relied upon by defendant did not address Rule 15(c). In the absence of clear authority that does not presently exist, the Court declines to rule that Rule 15(c) does not apply in the Title VII context when a plaintiff satisfies the exhaustion requirement in 42 U.S.C. §2000e-16c, but does not timely file his follow up civil action pursuant to 42 U.S.C. §2000e-16c. The Court also notes that Spicer was decided by a court in this Circuit after the O'Connor decision was published. This supports the Court's ruling that plaintiff's amendment is not barred by O'Connor.

Accordingly, for all the foregoing reasons, and for good cause shown,

IT IS HEREBY ORDERED this 9th day of October, 2008, that plaintiff's Motion to Amend is GRANTED.  Plaintiff shall file and serve his Amended Complaint by October 20, 2008.  The Amended Complaint shall specifically include the allegations in plaintiff's original Complaint [Doc. No. 1] and the proposed amendment submitted to the court. [Doc. No. 25].

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge